**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| MARK A. NEWBERRY, | : | Case No. 3:18-cv-00045 |
| Plaintiff, | : | District Judge Walter H. Rice |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| MONTGOMERY COUNTY CHILD SUPPORT AGENCY, et al., | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff Mark A. Newberry, Sr. brings this case *pro se* alleging that Defendants Montgomery County Child Support Agency and Mary James Cox are continuing to require him to pay arrearages in defiance of court orders that "set unassigned arrearages at $0." (Doc. #26, *PageID*#26). Plaintiff indicates in his Complaint that subject matter jurisdiction is based on 28 U.S.C. § 3202.

The case is presently before the Court upon Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. #7) to which Plaintiff has not responded.

Defendants' Rule 12(b)(1) Motion mounts a facial attack upon the Complaint and its assertion of subject matter jurisdiction under 28 U.S.C. § 3202. To counter a facial attack, "the plaintiff's burden to prove subject matter jurisdiction is not onerous." *Musson Theatrical, Inc. v. Fed. Express Corp.,* 89 F.3d 1244, 1248 (6th Cir. 1996). The allegations in Plaintiff's Complaint are taken as true, and "[i]f those allegations establish federal claims,

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

jurisdiction exists." *Gentek Bldg. Prods., Inc. v. Steel Peel Litig. Trust,* 491 F.3d 320, 330 (6th Cir. 2007) (citation omitted).

Plaintiff's reliance on 28 U.S.C. § 3202 is misplaced. The statutory Chapter in which § 3202 appears (Chapter 176) "provides the exclusive civil procedures for the United States—(1) to recover a judgment on a debt; or (2), to obtain, before judgment on a claim, for a debt, a remedy in connection with such claim." 28 US.C. § 3001(a); *see United States v. Peters*, 783 F.3d 1361, 1363 (11th Cir. 2015). Section 3202 contains no language creating a cause of action for private individuals, like Plaintiff, and no language indicating this Court has subject matter jurisdiction over a private individual's attempt to enforce a judgment against a state agency, like the Ohio Montgomery County Child Support Agency. Accordingly, Plaintiff's asserted ground for subject matter jurisdiction lacks merit.

Additionally, Defendants' Rule 12(b)(6) Motion dismissal calls forth the truth of Plaintiff's allegations and a liberal construction of his *pro se* Complaint in his favor. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). A Rule 12(b)(6) dismissal occurs when a Complaint fails to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (internal quotation marks and citation omitted). Under this plausibility standard—which *pro se* Complaints must satisfy, *Ogle v. Columbia Gas Transmission, LLC*, 513 F. App'x 520, 522 (6th Cir. 2013)—"the well-pleaded facts must permit more than the mere possibility of misconduct, they must show that the pleader is entitled to relief." *Iqbal,* 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of

entitlement to relief.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966 (2007)).

Plaintiff attaches several documents to his Complaint. The first is a December 2014 Decision and Order issued by the Montgomery County, Ohio Court of Common Pleas, Juvenile Division.[2] This Decision and Order granted Newberry's motion to terminate child support and further states, "For good cause shown, the Montgomery County Child Support Enforcement Agency is ordered to set any unassigned arrearage at $0.00…." (Doc. #2, *PageID* # 28). The second and third documents attached to Plaintiff's Complaint are copies of Decisions and Orders issued in January 2018 by the Montgomery County, Ohio Court of Common Pleas, Juvenile Division. These Decisions and Orders modified Newberry's child-support obligations by imposing arrearages in the amount of $100 and $50, plus interest. *Id*. at 29-36. Each Order, however, related to support obligations Plaintiff owed to different biological mothers, one of whom was also a party to the December 2014 Decision and Entry. Plaintiff alleges in the text of his Complaint, "The Agency continues to defy court orders. The Agency continues to take money from the Plaintiff[']s monthly social security." *Id*. at 26.

Accepting Plaintiff's allegations as true and liberally construing his *pro se* Complaint in his favor, his Complaint fails to contain a plausible claim. The documents he has attached to the Complaint show that on January 18, 2018, the state court found him behind

---

[2] In ruling on Defendants' Rule 12(b)(6) Motion, the Court may consider the documents Plaintiff has attached to his Complaint because they are public records and because they are central to the information he provides in his Complaint. *See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

3

in his child-support payments and assessed him arrearages. Although the state court's previous Decision and Order in December 2014 terminated Plaintiff's support obligations and required the Agency to set Plaintiff's arrearages at $0.00, the Obligee (the biological mother) in that case was different than the Obligee (the biological mother) identified in one of the Court's Decision and Orders in January 2018. *Cf.* Doc. #2, *PageID* #28 *with PageID* #29. And, the December 2014 Decision and Entry did not address or terminate any child-support obligation Plaintiff owed to the different Obligee/biological mother identified in the Decision and Order on January 2018. *Cf. id.*

Furthermore, the two January 2018 Decisions and Orders provided a legal basis for Defendants to seek recovery from Plaintiff of the amounts of arrearages set therein. As a result, Plaintiff's allegations in his Complaint and the documents attached to it fail to raise a plausible claim that Defendants acted without legal authority by seeking to recover arrearages from him.

Accordingly, Defendants' Motion to Dismiss is well taken.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. #7) be GRANTED; and

2. The case be terminated on the docket of the Court.

September 4, 2018           *s/Sharon L. Ovington*
                     Sharon L. Ovington
                     United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).